# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALBERT PETER KESSOCK,
  Appellant,

  v.

UNITED STATES POSTAL SERVICE,
  Agency.

DOCKET NUMBER
PH-0752-19-0297-I-1

DATE: April 17, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan Edmunds, Esquire, and Brittany Honeycutt, Esquire, Ponte Vedra Beach, Florida, for the appellant.

Gina M. MacNeill, Esquire, and David Mapp, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing him from his City Carrier position based on the charge of improper conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In the notice of proposed removal, the agency stated that the proposed action was based on a March 21, 2018 incident in which the appellant mishandled a customer's package. Initial Appeal File (IAF), Tab 5 at 28. On review, the appellant argues that he was not on the route or location alleged by the agency on March 21, 2018. Petition for Review (PFR) File, Tab 1 at 4.

It is clear from the record that the proposal notice incorrectly referred to March 21, 2018 as the date of the incident when it in fact occurred on March 21, 2019. Despite the typographical error, it is also clear from the record that the appellant understood that he was charged with misconduct occurring on March 21, 2019. For example, the appellant was provided with a March 22, 2019 letter stating that he was being placed in an off-duty status for an incident occurring on March 21, 2019, and the notes from a March 29, 2019 predisciplinary interview reflect that the appellant was questioned about an incident occurring on March 21, 2019, and he admitted that he was assigned to

the delivery route alleged in the proposal notice on March 21, 2019.[2]  IAF, Tab 5 at 42, 50.  Thus, any error in the proposal notice did not harm the appellant.[3] *See Palmer v. U.S. Postal Service*, 36 M.S.P.R. 263, 266-67 (1988) (finding that an error referring to the incorrect date in the proposal notice was not harmful when the appellant knew what charge he had to defend against); *Madison v. Veterans Administration*, 20 M.S.P.R. 234, 235 (1984) (same).

Regarding the appellant's argument that other Postal Service employees have not been removed for worse misconduct, PFR File, Tab 1 at 5, we note that the appellant must first point to specific employees who engaged in the same or similar misconduct and received a more lenient penalty, *see Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 36 (2011).  The appellant has not identified comparator employees, and thus has not provided a basis to disturb the administrative judge's finding that removal was a reasonable penalty.

Finally, the appellant asserts that he could not afford to retain an attorney and that he has no legal knowledge.[4]  PFR File, Tab 1 at 3.  The Board has held that an appellant cannot avoid the consequences of his choice to represent himself even if he appears pro se because he cannot afford an attorney.  *Embry v. Department of Transportation*, 13 M.S.P.R. 505, 507 (1982).  Further, there is no statutory or regulatory requirement that an appellant be provided with pro bono

---

[2]  Additionally, when the appellant grieved the proposed removal, his union representative noted that the agency cited the incorrect date in the proposal notice and that the incident set forth in the improper conduct charge actually took place on March 21, 2019.  IAF, Tab 12 at 32.

[3]  The administrative judge also stated that the incident occurred on March 21, 2018, although in one instance he was quoting the agency's proposal notice.  IAF, Tab 19, Initial Decision at 2, 4.  The appellant has not shown how the administrative judge's misstatement provides a basis to disturb the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] To the extent the appellant is alleging that the lack of counsel denied him due process, he has not explained his claim.  PFR File, Tab 1 at 3.  Moreover, he did not identify the claim as an affirmative defense before the administrative judge during the prehearing conference.  IAF, Tab 17 at 1.

counsel. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 7 (2010). Significantly, in the prehearing conference, the administrative judge advised the appellant as to what he would be required to prove. IAF, Tab 17 at 1.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.